Sina AZARI–POUR, Petitioner,

v.

Tom RIDGE, Secretary, M. Frances Holmes, CIS Interim Director, Respondents.

No. 04–5800–AG.

United States Court of Appeals, Second Circuit.

Oct. 27, 2005.

Stephen K. Tills, Orchard, Park, New York, for Petitioner.

Stephan J. Baczynski, Assistant United States Attorney, (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Respondent.

PRESENT: OAKES, JACOBS, and SACK, Circuit Judges.

### SUMMARY ORDER

Sina Azari–Pour filed this habeas petition pursuant to 28 U.S.C. § 2241 seeking relief from a June 22, 2004 order of the Board of Immigration Appeals ("BIA") affirming (without opinion) a March 1, 2004 decision by the Immigration Judge John B. Reid finding petitioner to be an excludable alien and issuing a removal order to Germany. Familiarity is assumed as to the facts and the procedural context.

The issue is whether the government may be estopped from arguing that petitioner failed to meet the requirement in 8 U.S.C. § 1432(a) [repealed October 30, 2000] for derivative citizenship. Petitioner argues that the government unreasonably delayed the processing of his application; that this delay—of more than 32 months—was due, in part, to government processing error; and that as a result he did not become a permanent resident until after his 18th birthday.

The government may be estopped from denying citizenship only on a showing of "affirmative misconduct." *Rojas–Reyes v. INS*, 235 F.3d 115, 126 (2d Cir.2000). "The different standard for estoppel of the Government springs from the tenet that estoppel would frustrate the Government's ability to enforce the law and, in turn, undermine the public interest in full enforcement of the law." *United States v. Boccanfuso*, 882 F.2d 666, 669 (2d Cir. 1989). The alleged failure by the INS to process petitioner's application in a more expeditious manner does not, by itself, constitute affirmative misconduct. *INS v. Miranda*, 459 U.S. 14, 18, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982). As the Supreme Court has explained:

> Both the number of the applications received by the INS and the need to investigate their validity may make it difficult for the agency to process an application as promptly as may be desirable.

*Id.*

That a delay was caused, in part, by a government mistake does not make the

delay affirmative misconduct. "[Estoppel] is not available against the government except in the most serious of circumstances, and is applied with the utmost caution and restraint." *Rojas–Reyes v. INS*, 235 F.3d 115, 126 (2d Cir.2000) (citations omitted); *see also Azizi v. Thornburgh*, 908 F.2d 1130, 1136 (2d Cir.1990). As the record shows, delays here are not unusual: the INS advised petitioner that it was unlikely to process his application until just before his 18th birthday, yet petitioner never requested the processing be expedited. The record is void of any governmental affirmative misconduct.

For the reasons set forth above, the petition for writ of habeas corpus is DENIED.